NICHOLAS DIETZ ET AL., EXECUTORS (ESTATE OF JULIA SCHAF) *vs.* JOSEPHINE FUDZINSKI ET ALS.

Third Judicial District, New Haven, June Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued June 11th—decided July 31st, 1930.

*John V. O'Brien* for the plaintiffs.

*Walter J. Walsh,* with whom was *Walter T. Walsh,* for the defendants St. George Roman Catholic Church and The Little Sisters of the Poor.

*Michael J. Quinn,* for the remaining defendants.

MALTBIE, J.  Julia Schaf late of Guilford died on February 28th, 1928, leaving a will in which she made

in the first six paragraphs certain bequests and a devise of a part of her estate. In the seventh paragraph she gave the residue of her estate to trustees in trust to invest the same and keep it invested, and to pay the net income therefrom to her husband during his natural life. In the eighth paragraph she directs her trustees after her husband's death to convert the trust estate into cash and divide and pay the same to persons and institutions in stated amounts in eight sections. The legacies in the first six sections of this paragraph are general legacies in definite amounts concerning which no question is raised on this reservation. The will then proceeds: "7. The balance, including all lapsed legacies under the foregoing provisions of my will, to St. George Roman Catholic Church of Guilford, Connecticut. 8. To the Little Sisters of the Poor of New Haven, Connecticut, $5000, five thousand dollars. This sum is to be paid to them before such balance is paid the St. George Roman Catholic Church under the 7th subdivision of this article, so that such balance will be less the amount of this legacy."

Our advice is asked upon the following questions: (a) "Should the legacies provided by sections 1, 2, 3, 4, 5 and 6 of paragraph 8 be paid in full before any payment be made to The Little Sisters of the Poor under section 8 of said paragraph 8?" (b) "Is the bequest to The Little Sisters of the Poor under section 8 of said paragraph 8, restricted to any balance of said trust estate that may remain after paying in full the legacies bequeathed by sections 1 to 6 inclusive of paragraph 8 of said will, so that if there is no balance after paying said last mentioned bequests in full, such bequest to The Little Sisters of the Poor fails; or is the bequest to the latter a bequest to be paid before such balance mentioned in subdivision 7 is struck, namely, does the bequest in subdivision 8 stand on a par in

payment with the bequests in subdivision 1 to 6 inclusive of paragraph 8 in the will?"

The testatrix intended after her husband's death that the trustees would convert the trust estate into cash and with this pay the eight legacies provided for in this paragraph. They are all general legacies. Aside from the gifts in the seventh and eighth sections the legacies in this paragraph amount to $48,000. The total assets of the estate as shown by the account of the executors accepted on February 26th, 1930, amounted to only $46,962.09. Unless the gifts in the eighth section to The Little Sisters of the Poor can share equally with the legacies given in the first six sections of this paragraph, this legatee will receive little or nothing.

When in the seventh section the testatrix provided the gift of "the balance," including lapsed legacies, to the church, she evidently had in mind what was left of her estate after the legacies in the first six sections had been paid. The provision as to the legacy to The Little Sisters of the Poor in the eighth section is that it shall be paid before "such balance" is paid to the church, so that, "such balance will be less the amount of this legacy." "Such balance" can refer only to the "balance" she had previously mentioned, that is, what was left of the estate after paying the legacies in the first six sections. It is out of this balance that the legacy to The Little Sisters of the Poor was to come. The thought of the testatrix evidently was that a balance should be struck after the payment of the six legacies, and out of this, before any money should be paid to the church, the legacy in the eighth section should be satisfied. Had she intended that this legacy should be classed with those preceding the gift to the church, it would have been much more natural for her to have used the words "the balance" or "any balance" or some

like expression in place of the words "such balance" where they first occur, and that she did not use the latter words by inadvertence is strongly indicated by their repetition. The construction we place upon them merely gives to the language the testatrix has used its natural and primary significance; and there is nothing in the will to indicate that it was used in any other sense. Indeed, it seems wholly consonant with its general terms, that she should have had in mind the first six legacies as the primary recipients of her bounty, and merely wished The Little Sisters of the Poor and the church to share in any balance left in the estate after they had been paid.

We answer the first question propounded to us, Yes; and to the second question we say: The Little Sisters of the Poor can share only in any balance that may be left after the payment of the legacies given in the first six sections of paragraph eight.

No costs will be taxed in this court to any party.

In this opinion HAINES and HINMAN, Js., concurred.

WHEELER, C. J. (dissenting). St. George Church is in agreement with the contention made by The Little Sisters of the Poor that the intention of the testatrix was to place the legacy to The Little Sisters of the Poor in section eight of paragraph eight on a parity with the legacies bequeathed in the first six paragraphs of the will, and in my opinion this is the correct construction of this section.

In this opinion BANKS, J., concurred.